. Harry B. Frank, J.
Plaintiff seeks a permanent injunction under the New York Fair Trade Act, also known as the FeldCrawford Act (General Business Law, § 369-a et seq.), to enjoin the defendant from selling plaintiff’s products at retail below the fair-trade price. .
A motion for a temporary injunction was granted on December 27,1957, and the order entered thereon is still in effect.
Defendant rested at the end of plaintiff’s case and the uncontradicated proof establishes that plaintiff through one of its divisions, the Toni Company, is engaged in the business of manufacturing and selling various toiletry articles such as permanent wave kits, shampoos, hair sprays, deodorants, facial cleansing-lotions, hair conditioners and related items. Such products are marketed under the trade-marks, brands and name of plaintiff, and are in open competition with commodities of the same general class produced by others.
The defendant corporation is engaged in selling plaintiff’s products and other similar commodities at retail.
The plaintiff entered into retail fair-trade contracts in New York State with various dealers, not including the defendant. After receiving notice of such contracts, however, the defendant sold plaintiff’s products below the minimum price specified in the fair-trade contracts.
While the answer pleads several defenses, defendant seriously presses only one — i.e., that plaintiff is not entitled to the relief sought because it unfairly discriminates in its prices to retailers.
Under the New York statute contracts relating to the sale of or resale of commodities are valid when the commodities involved bear the trade-mark, brand or name of the producer or owner of such commodity and are in fair and open competition with commodities of the same general class produced by others (General Business Law, § 369-a; General Elec. Co. v. S. Klein-On-The-Square, 121 N. Y. S. 2d 37). The record herein establishes that the fair-trade contracts entered into by the plaintiff were valid.
The plaintiff producer has established the necessary requisites to obtain the requested relief. The record shows that there was a genuine fair-trade price .structure in existence; that defendant, although not a party to. any such contract, had notice of the fair-trade agreements and -after such notice continued to sell plaintiff’s products at a price less than the fair-trade price; that the plaintiff has not by its acts or conduct waived or abandoned its rights with respect to retailers in the enforcement of such contracts; the record does not indicate that the relief sought is for any ulterior purposes or for any reason *143 other than enforcement; and the record does not indicate that plaintiff has indulged in practices offensive to the conscience of the court requiring denial of relief (see Calvert Distillers Corp. v. Nussbaum Liquor Store, 166 Misc. 342; General Elec. Co. v. Macy & Co., 199 Misc. 87; Sunbeam Corp. v. Marcus, 105 F. Supp. 39).
The proof fails to sustain defendant’s contention of unfair price discrimination to retailers and therefore extended discussion of the legal efficacy of such claim is unnecessary. At most, the inferences to be elicited from the evidence indicate that plaintiff has a direct price for certain retailers who meet c ‘ minimum shipment requirements and who meet plaintiff’s credit standards ’ ’. While it is true that implicit in the statute is the requirement that there shall be no unfair discrimination in prices to retailers, that does not preclude discounts or fair variations in prices having a general application in the trade based, for example, upon quantity sold or time of payment (Calvert Distillers Corp. v. Nussbaum Liquor Store, 166 Misc. 342, 346, supra).
I conclude, therefore, that plaintiff is entitled to an injunction as prayed for and I direct the entry of judgment accordingly, without costs.
The foregoing constitutes the decision required by section 440 of the Civil Practice Act and judgment is to be entered thereon.